Statement of the Case.
NICHOLLS, G. J.
This is an action for damages brought against the Banner Lumber Company, Limited, for personal injuries received by George W. Riley, one of its employSs. It is alleged that plaintiff’s injuries were due to the negligence of the foreman in charge of a working party which was engaged in repairing a bridge on the line of a logging road belonging to and operated by the company.
The case was tried by a jury, which returned a verdict in favor of the plaintiff for $500. It is from the judgment upon that verdict that defendant has appealed. Plaintiff in this court asks that the amount decreed to him be increased.
Plaintiff’s allegations are to the effect that he was engaged by defendant as a day laborer, and, in performance of his duty as such, was engaged in building a trestlework in AVashiugton parish, on the line of railroad owned and operated by said defendant company, and known as the “Kentwood & Eastern Railroad.”
That while so engaged he was directed by the foreman of the gang with whom he was at work to go under the trestlework to get a crosscut saw, and, while prudently carrying out the said order and instructions, a heavy piece of timber was thrown from a car belonging to said defendant company by the agent and employSs of the said Banner Lumber Company, Limited. That the said piece of timber was thrown from said car without notice or warning to him, and that it was an act of gross carelessness on the part of the agents and employSs of defendant, and done in utter and wanton disregard of petitioner’s safety. That he was struck by said piece of timber as he was emerging from the trestle, and was knocked down and severely wounded by the same. That by reason of said tortious act, petitioner sustained great bodily injury- •
Defendant answered, pleading first a general denial, and contingently a plea of contributory negligence on the part of the plain, tiff.
Opinion.
The plaintiff was very seriously injured by being struck by a piece of timber which was thrown from a car which belonged to, and was being operated by, employés of the defendant company. The timber was thrown from the car under the order of one Ott, who was the foreman in charge of the car and of the working party which was engaged in repairing the bridge upon which the car was standing at the time of the injury.
If the defendant was legally liable for the accident, the amount of damages which was found by the jury was too small. An examination of the record satisfies us that the verdict was a sympathetic verdict. In our opinion, it is not sustained by the evidence. The facts are that, a certain bridge on the line of a logging road belonging to the defendant company needing repair, a train composed of an engine, a tender, and a flat car was sent to Silver Creek to take on board a lot of timber which was to be used in making these repairs. The timber had been loaded upon the car. The train went westward from Silver Creek, the fiat car in front pushed forward by the locomotive. It crossed the western side of the bridge, stopped an instant there, and then went back to near the center, where the timber had to be unloaded. As the train was moving over to the west of the bridge, Ott, the foreman of the working-party, who was upon the flat car on which the timber was loaded, called to Riley, the plaintiff herein, who was standing upon the ground, near the bridge, to go and remove some saws which were under the bridge. Riley started at once to do so, and while he was on his way the train went on, crossed the bridge, returned, as stated, and came to a stand opposite the point at which the timber was to be discharged. In the meantime Riley went to the place where the saws were, picked them up, and started out from under the bridge with them. The bridge ran east and west at a height of from 12 or 11 feet above the ground. On the ground to the north of the bridge everything was open, while to the south there was a fence running parallel to the bridge, some 8 or 10 feet from it. ’ In order to pass out from under the *277 bridge, Riley, after picking up the saws, walked back towards its north side; and just as he had emerged, and was a few feet from it, one of the timbers upon the car was thrown from it. One of its ends struck upon the ground, rebounded, and in doing so struck Riley upon the leg, breaking it very badly. Plaintiff’s complaint is that the foreman, Ott, who gave the order for throwing off the timber, knew that he had sent him under the bridge, and that he had not yet left it, and that the order which he gave was recklessly given, in utter disregard of his safety; that the situation required the foreman, before having the timber thrown off, to have assured himself that plaintiff was in a place of safety, and that he should (as it is claimed he did not) have given him timely warning of what was about to be done. This charge is met by the claim that, in passing under the bridge to take the saws, Riley had passed outside of the view of the foreman, who was standing on the north side of the loaded car; that he did not know what had become of him; that he could have passed from under the bridge by either going out on the south side, or by moving to the east or west, beyond the point where the car was standing; that the bridge was not floored, and the car’s position was visible to any one standing under the bridge; that Riley was bound to have seen it, and also to have known that the timber was thrown out on the north side of the car, and just where the car was standing, as work had already been commenced on the bridge, and the precise jilace where this timber was needed and called for was apparent; that, in point of fact, the foreman did give warning before the timber was thrown off; that the words “All’s right” were called out, and that after this the order was given; that this was followed by the foreman’s calling out, “Look out below;” that these words could be clearly heard through and under the unfloored bridge by any one standing under it and under the car; that any one on his way out could and should have instantly stopped, and could, by so doing, have avoided accident; that the pieces of timber on the car were piled up on the south side, and, in order to reach the north side, had to be rolled over two or three times; that the noise occasioned by this rolling, of itself, gave notice below that the timber was being moved; that it could be and was heard distinctly for a distance of 50 to ICO feet; that Riley was guilty of contributory negligence in attempting to pass from under the bridge at the particular place and time which he did; that knowing, as he must have known, that, in the position he was, he was masked from the view of the foreman by the loaded car, he should have called out from below, and let it be known where he was, and what he was about to do; that he could have been heard above, had he done so.
We think that the testimony establishes the facts upon which the argument is based, and that the argument upon the facts sustains and makes good the defense urged. We have not overlooked the fact that several of the witnesses, in referring to the course which was taken by Riley in leaving the bridge, said that it was by the south side, but this is not claimed to have been the fact by the plaintiff, and is disposed of by all the other testimony. It is obvious that these witnesses made a mistake as to the points of the compass. It is greatly to be regretted that the plaintiff should have been injured as he was, but we cannot hold defendant responsible for it unless we disregard the evidence. The plaintiff himself, on being injured, said he blamed no one. This does not estop him if he erred as to the facts. He may not have known what was passing-above, but it has weight as evidencing the appreciation he had of his own acts.
For the reasons assigned, it is ordered, adjudged, and decreed that the verdict of the jury be set aside, and the judgment based thereon and appealed from herein be, and the same is hereby annulled, avoided, and reversed, and plaintiff’s demand rejected, with costs in both courts.